G. L. KEY, ET AL. *v.* JAS. JOYCE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—528.]

**Title by Adverse Possession.**

Where land is within one's described boundaries another may not claim title thereto by adverse possession where his actual possession has only continued four or five years, and prior thereto his only acts with reference to it were in going to the land several times and cutting timber on it. Adverse possession to give title must be actually adverse to the world and continue without interruption for at least fifteen years.

APPEAL FROM BULLITT CIRCUIT COURT.

January 7, 1886.

OPINION BY JUDGE LEWIS:

Appellees instituted this action in equity in 1880 against appellants, G. L. Key and Lewis Lentz, but it was subsequently dismissed as to the last named. In their petition they state in substance that they are the owners and in possession of a tract of land containing seven hundred ninety-seven acres adjoining the lands of persons therein mentioned, which included a triangular piece of land also described; that they and those under whom they claim have been in the uninterrupted possession thereof for fifty years except since 1877, about which time the defendants without right forcibly entered thereon and cut down and hauled away a large quantity of valuable timber, and, though having no right or title thereto, are asserting ownership of the triangular piece of land and claiming the right to further cut and carry away timber thereon. The plaintiffs therefore pray for judgments for the recovery of the

land, that their title thereto be quieted, and for damages for trespass complained of.

In their answer the defendants admit the plaintiffs are the owners of a large tract, but deny they are the owners of the triangular piece of land described in the petition, or that it belongs to the plaintiffs' tract. They say that the defendant, G. L. Key, owns a tract of two hundred seventy-five acres which formerly belonged to John Myres, who also once owned the seven hundred ninety-seven acre tract claimed by the plaintiffs; that John Myres in his lifetime divided his estate between his children, and the wife of George Joyce received the seven hundred ninety-seven acres now claimed by the plaintiffs by descent from their mother, and the wife of Richard Joyce who was also a daughter of John Myres, received the two hundred seventy-five acres now owned by G. L. Key.

They further state that John Myres always recognized the triangular piece of land as a part of the land received by the wife of Richard Joyce, and it was by all parties interested understood and agreed to belong to the tract of two hundred seventy-five acres, and was never claimed by the plaintiffs nor their mother nor father. They deny the plaintiffs and those under whom they claim have had the possession stated in the petition, but that G. L. Key purchased the two hundred seventy-five acres in 1857 or 1858 and has claimed and had possession and use of the land in dispute ever since.

It is further stated that in 1871 G. L. Key sold the two hundred seventy-five acres to defendant, Lentz, and the latter while the owner, sold the timber off the disputed land. As the pleadings stand it seems to us that the simple issue between the parties is whether the triangular piece of land in controversy is included in the boundary of the seven hundred ninety-seven acre tract or of the two hundred seventy-five acre tract. There are filed and made part of the record deeds of partition made by the heirs of John Myres, and amongst those is a deed to Richard Joyce, under whom the defendants claim, for a tract of ____ acres, which includes the two hundred seventy-five acres, and also a deed for seven hundred ninety-seven acres to Malona in trust for Deborah Joyce and her children.

The evidence in this case places it beyond controversy that the

triangular piece of land in dispute is included in the boundary of the seven hundred ninety-seven acre tract, and is not a part of the tract conveyed to Richard Joyce, under whom the defendants claim. That being true it seems to necessarily follow that, under the pleading, the plaintiffs are entitled to the land, except to the extent that the defendants had it actually enclosed for fifteen years before the commencement of this action, for the plaintiffs allege they and those under whom they claim have been in possession of the seven hundred ninety-seven acre tract for almost fifty years, and this statement is not denied by the defendants, their only defense being that the disputed land is a part of the tract conveyed to Richard Joyce.

The defendants show that G. L. Key claimed the disputed land from his purchase in 1857 or 1858 and occasionally cut timber on it, but he never enclosed any part of it until three or four years before the commencement of this action. As the actual possession of the seven hundred ninety-seven acre tract by the plaintiffs and those under whom they claim must be regarded as extending to the boundary of that tract which is marked and well defined, the defendants' occasional cutting of timber thereon can not avail to give them a title by actual possession.

The judgment of the court in this case was that the plaintiffs are the owners of the land in dispute and that their title thereto be quieted and the defendants enjoined from disturbing them in the possession. It was further adjudged that the plaintiffs recover of the defendant, G. L. Key, the sum of $96 as damages for the timber cut and carried away. No objection to the trial of the action nor motion to transfer it to the ordinary docket was made, nor did the defendants demand a submission of the question of damages to a jury. It was therefore in the power of the chancellor to determine the question of damages as well as of the title to the land in dispute.

But the defendant, G. L. Key, who is appellant, contends that the evidence did not authorize a judgment against him for damages. It appears that at the time the timber was cut Lentz was the owner of the two hundred seventy-five acres, having purchased from Key, and that he sold to the mill owners the timber on the tract of land owned by him. But G. L. Key was his agent and as such he directed the mill owners that the land in controversy was included

in the boundary of land owned by Lentz, and under their contract they had a right to cut the timber on the disputed land. It was therefore the conduct of appellants in wrongfully directing and inducing the mill owners, who were ignorant of the location of the land of Lentz, to cut the timber on the land in contest that caused the injury and damage complained of by the plaintiff, and the court did not err in rendering judgment against him. As to the amount assessed, we think the evidence fully authorized it.

It appears that the plaintiffs filed an amended petition setting up claim to another small tract of about twelve acres of land in virtue of a purchase by their father many years ago from the agent of the heirs of John Myres, for which they alleged a title bond was executed. But afterwards, and before the judgment appealed from was rendered, the plaintiffs dismissed their amended petition and abandoned their claim to the land mentioned therein. In the answer to that amended petition it is stated by the defendants that George and Deborah Joyce, the father and mother of the plaintiffs, left two children and heirs surviving at their death. Counsel contends that, although the amended petition was dismissed, that allegation by the defendant, being undenied, is sufficient to defeat a recovery of the triangular piece of land by the three plaintiffs.

Whether the dismissal of the amended petition carried with it the answer to it of the defendants or not, the bare allegation that George and Deborah Joyce left two children, does not negative the statement made in the original petition that the plaintiffs were the owners of the triangular piece of land, and that they and those under whom they claim have had the possession for fifty years. Nor does such allegation amount to a statement whether the other seven children are living or have any interest in the land.

Judgment *affirmed*.

*J. W. Croan, for appellants.*
*Chas. Carroll, for appellees.*